**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD PRISTAS, | |
| Appellant | No. 1035 WDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000691-2015

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 13, 2016**

Appellant, Donald Pristas, appeals *pro se* from the judgment of sentence entered following his conviction of harassment.  We affirm.

The trial court summarized the underlying facts of this case as follows:

> [The victim] testified that she parked her car in a parking space on West 12[th] Avenue, Homestead, PA near [Appellant's] home on February 19, 2015.  There were no signs restricting parking on the street.  [Appellant] had just cleared the space of snow and told [the victim] that his wife would be coming home soon.  When [the victim] did not move her car, [Appellant] said to her: "You're going to regret the day you parked in that spot."
>
> [The victim] testified that after [Appellant] said that to her:

---

[*] Former Justice specially assigned to the Superior Court.

…I took that as a threat. I did not know if [he] was going to try to harm me when I left, if he was going to do something to my car. I had no idea what he meant by that. So, I called the police… .

Trial Court Opinion, 8/11/15, at 1-2 (citations omitted).

On February 19, 2015, the police issued a citation charging Appellant with harassment under 18 Pa.C.S. § 2709(a)(4). On March 17, 2015, the district magistrate convicted Appellant. Appellant then filed paperwork pursuing a summary appeal in the Allegheny County Court of Common Pleas, seeking *de novo* review.[1] Docket Entry 1.

On June 3, 2015, the trial court held a hearing, at which the victim and Appellant testified.[2] The trial court convicted Appellant of harassment as charged under 18 Pa.C.S. § 2709(a)(4). The trial court sentenced Appellant to pay a fine of $500.00. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

_____

[1] We note that an offense under 18 Pa.C.S. § 2709(a)(4) is graded as a misdemeanor of the third degree. 18 Pa.C.S. § 2709(c)(2). It is unclear from the certified record why Appellant proceeded before a district magistrate and sought summary review where he was charged with a misdemeanor offense.

[2] We further note that at the outset of Appellant's June 3, 2015 hearing, a discussion was held on the record regarding whether Appellant was charged under 18 Pa.C.S. § 2709(a)(3), which is a summary offense, or 18 Pa.C.S. § 2709(a)(4), which is a third-degree misdemeanor, and the parties conceded that Appellant was charge under section 2709(a)(4). ***Id***. at 5.

Appellant presents the following ten issues for our review, which we reproduce verbatim:

1. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.C.P. 542(C)(3) WHICH WOULD ALLOW THE DEFENDANT TO CALL WITNESSES?

2. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.C.P. 542(C)(4) WHICH WOULD ALLOW THE DEFENDANT TO OFFER EVIDENCE?

3. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.of E. 601 (b)(3) WHICH WOULD HAVE SUPPRESSED THE TESTIMONY OF THE COMMONWEALTHS ONLY WITNESS?

4. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.of E. 601 (b)(4) WHICH WOULD HAVE SUPPRESSED THE TESTIMONY OF THE COMMONWEALTHS ONLY WITNESS?

5. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.of E. 404 (a) (2) (i) CHARACTER OF THE ALLEGED VICTIM?

6. DID THE LOWER COURT JUDGE ABUSE THE DISCRETION OF THE COURT and/or ERROR IN IT'S RULING THAT VIOLATED THE DEFENDANTS RIGHT TO ARTICLE I SECTION 9 OF THE PENNSYLVANIA CONSTITUTION?

7. DID LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.of E. 806?

8. DID THE LOWER COURT JUDGE, VIOLATE THE DEFENDANTS RIGHT TO FAIR HEARING BY NOT FOLLOWING Pa.R.of E. 404 (a) (2) (i) CHARACTER OF THE ALLEGED VICTIM?

9. DID THE LOWER COURT JUDGE ABUSE THE DISCRETION OF THE COURT, ERROR IN IT'S RULING and/or DENY THE ENFORCEMENT OF ARTICLE 1 SECTION 7 OF THE

PENNSYLVANIA CONSTITUTION THAT VIOLATED THE DEFENDANTS RIGHT TO FREEDOM OF SPEECH ?

10. DID THE LOWER COURT CONVICT ON HEARSAY?

Appellant's Brief at 1-2, 5, 6.[3]

Initially, we observe appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See generally** Pa.R.A.P. Chapter 21. When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101.

The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a) General rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following

---

[3] To the extent Appellant was possibly deprived of any constitutional rights associated with prosecution of his misdemeanor charge, we observe that Appellant did not raise the issue either before the trial court or on appeal. Generally, pursuant to Pennsylvania Rule of Appellate Procedure 302(a), "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Thus, only claims properly presented in the lower court are preserved for appeal. Indeed, even issues of constitutional dimension cannot be raised for the first time on appeal. **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008). "It is well established that trial judges must be given an opportunity to correct errors at the time they are made. '[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected.'" **Id**. (citations omitted).

matters, separately and distinctly entitled and in the following order:

> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.
>
> (10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
>
> (11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111. In addition, Rules of Appellate Procedure 2114 through

2119 specify in greater detail the material to be included in briefs on appeal.

Pa.R.A.P. 2114-2119.

In **Commonwealth v. B.D.G.**, 959 A.2d 362 (Pa. Super. 2008), a panel of this Court offered the following relevant observation regarding the argument portion of an appellate brief:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. **Commonwealth v. Williams**, 566 Pa. 553, 577, 782 A.2d 517, 532 (2001) (Castille, J., concurring). To do so places the Court in the conflicting roles of advocate and neutral arbiter. **Id**. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived. **Commonwealth v. Luktisch**, 680 A.2d 877, 879 (Pa. Super. 1996).

**Id**. at 371-372.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citing **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498 (citing **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)).

Here, Appellant's brief contains copious defects, including the lack of any argument on certain issues and the lack of a coherent argument on the remaining issues presented. While the defects in Appellant's brief are numerous and warrant dismissal of the appeal, we decline to do so in this

instance. Rather, we limit our review to a determination of whether the Commonwealth presented sufficient evidence to support Appellant's conviction.

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id*. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

The crime of harassment is defined, in relevant part, as follows:

**Offense defined. –** A person commits the crime of harassment when, with intent to harass, annoy, or alarm another, the person:

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]

18 Pa.C.S. § 2709(a)(4). An offense under § 2709(a)(4) is a third-degree misdemeanor. 18 Pa.C.S. § 2709(c)(2).

Our review of the record reflects that the victim offered the following testimony regarding what transpired at approximately 4:39 p.m. on February 19, 2015:

> [VICTIM]: I was going to my niece's house to celebrate my nephew's birthday party. I parked in a parking space. I got out of my car. [Appellant] said to me ["]You know that parking space did not make itself,["] and I said ["]Yes.["]
>
> * * *
>
> And [Appellant] said, ["]Well, my wife is going to be coming home pretty soon.["]
>
> * * *
>
> And I said, ["]Well, it's a public street, I can park here if I want to, and I continued to go towards my niece's house. And he said to me ["]You're going to regret the day that you parked –["]
>
> * * *
>
> ["]You're going to regret the day that you parked in that spot.["] I didn't say anything. I went over to my niece's house, and I took that as a threat. I did not know if he was going to try to harm me when I left, if he was going to do something to my car. I had no idea what he meant by that. So I called the police, and a Homestead police officer came up. . . .

N.T., 6/3/15, at 6-8. During Appellant's cross-examination of the victim, Appellant essentially admitted that he made the statement "that someday [the victim was] going to regret what [she] did." *Id*. at 13.

As the trial court stated, "[Appellant's] words, admitted by him, constituted a threat to the victim. . ." Trial Court Opinion, 8/11/15, at 2. Accordingly, these facts establish that Appellant made a threat to the victim that caused her to be alarmed to the extent that the victim immediately contacted the police. Hence, we conclude that the Commonwealth presented sufficient evidence to prove that Appellant committed the crime of harassment.

Judgment of sentence affirmed.

P.J. Gantman joins this Memorandum.

Justice Fitzgerald files a Dissenting Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016