J-S74020-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
JOEL EMILE DIAZ, :
:
          Appellant : No. 256 EDA 2014

Appeal from the Judgment of Sentence November 15, 2013,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0002040-2013

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED DECEMBER 23, 2014**

Appellant, Joel Emile Diaz ("Diaz"), appeals from the judgment of sentence entered on November 15, 2013, imposing an aggregate period of two and a half to seven years of imprisonment after he pled guilty to one count each of resisting arrest and possession with intent to deliver.[1]  We affirm.

The charges in this case arose when an undercover police operation resulted in a successful drug purchase from Diaz.  Diaz resisted arrest and injured a police officer's shoulder during the struggle, requiring the officer to undergo extensive physical therapy.  On October 14, 2013, Diaz entered an open guilty plea to the crimes set forth above.  He subsequently filed a post-sentence motion, which the trial court denied after a hearing.  On appeal,

---

[1] 18 Pa.C.S.A. § 5104; 35 P.S. § 780-113(a)(30).

*Retired Senior Judge assigned to the Superior Court.

Diaz challenges the discretionary aspects of his sentence.[2] He alleges that the trial court abused its discretion by imposing sentences that were manifestly unreasonable, and argues that "the [trial] court failed to fully set forth its reasons for parting [sic] from the sentencing guideline ranges and imposing sentences at the top of the aggravated range of the sentencing guidelines[.]" Diaz's Brief at 7.

Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa. Super. 2003). However, there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Reyes*, 853 A.2d 1052, 1055 (Pa. Super. 2004). To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to

---

[2] Diaz's guilty plea does not preclude him from challenging the discretionary aspects of his sentence because there was no agreement as to the sentence he would receive. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013) (holding that defendant may challenge discretionary aspects of sentence on appeal where open guilty plea is entered).

reconsider and modify sentence; (3) whether appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010).

Our review of the record reveals that Diaz timely filed his notice of appeal, and so the first prong of this test is satisfied. With regard to the second prong, Diaz filed a timely post-sentence motion. Diaz did not, however, raise the issue he presents on appeal (that the trial court failed to state adequate reasons for the sentence imposed) at the time of sentencing or in his post-sentence motion.[3] "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006). Diaz's failure to preserve this issue precludes our review of it on appeal. **See Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[3] In both his written motion and at the hearing, Diaz argued only that the trial court should give greater weight to certain mitigating factors (including his acceptance of responsibility, showing of remorse and good behavior in prison) and reduce his sentence. **See** Post Sentence Motion, 11/22/13, at 2-3; N.T., 12/23/13, at 3.

Having found the only issue raised by Diaz waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014