**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James Matthew STRUNK,**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 2008.
Filed July 9, 2008.

David L. Beyer, Hollidaysburg, for appellant.

Wade A. Kagarise, Asst. Dist. Atty., Hollidaysburg, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, KLEIN, and POPOVICH, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, James Matthew Strunk, Jr., appeals from the judgment of sentence entered on April 20, 2007, in the Court of Common Pleas of Blair County. We affirm.

¶ 2 On Sunday, August 21, 2005 at approximately 11 p.m., William Wolf, owner of the 10th Street Cafe, was in the process of cleaning his bar when he observed that the air conditioning unit had been pushed inward leaving a hole in the wall and damaging the system. N.T., 7/25/06, at 43. Upon further investigation, he found that two vending machines had also been dam-

aged. *Id.* at 53. Wolf proceeded to the kitchen where he found Appellant, a person Wolf knew as a regular customer, standing in front of the cooler. *Id.* at 51. When Wolf asked Appellant what he was doing there, Appellant ran out the back door. Wolf immediately called the police to report the incident. *Id.* at 57. Thereafter, Appellant was arrested and charged with burglary, criminal trespass, possession of an instrument of crime, and criminal mischief.

¶ 3 A jury trial took place on July 25–26, 2006. On the second day of trial, after the jury had withdrawn from the courtroom to deliberate, the judge asked if either party wished to make any final comments on the record. Appellant's counsel noted for the record that the tipstaff had to wake Juror Number 10 during the judge's charge. The judge acknowledged that the juror had closed his eyes. Counsel made no further statement regarding this matter.

¶ 4 Following its deliberation, the jury found Appellant guilty of criminal trespass.[1] On April 20, 2007, the court sentenced Appellant to 15 to 30 months incarceration in a state correctional institution and ordered that he pay a fine in the amount of $100.00 and restitution. This timely appeal followed.[2]

¶ 5 Appellant raises the following issue on appeal:

I. Is your [A]ppellant entitled to a new trial where one of the jurors may have been sleeping during the trial and/or the charge and where the trial judge acknowledged that the juror had closed his eyes a couple of times?

Appellant's Brief at 5.

¶ 6 Appellant claims that he was denied his Sixth Amendment right to a fair trial by an impartial jury. This right, Appellant urges, encompasses a jury consisting of 12 people who are paying close attention to the court's instruction and the evidence. Appellant argues that because Juror Number 10 was asleep at times, this juror would have to rely upon other jurors' recollections of the evidence and the judge's instructions. Therefore, Appellant claims that he was effectively denied his constitutional right to a jury of 12 people.

¶ 7 Before we address the merits of Appellant's claim, we must first consider whether it is properly before us. The Pennsylvania Rules of Appellate Procedure specify that issues that are not first raised in the trial court are waived on appeal. *See* Pa.R.A.P. 302(a). Even issues of constitutional dimension cannot be raised for the first time on appeal. *See Commonwealth v. Lawson,* 789 A.2d 252, 253 (Pa.Super.2001), *citing Commonwealth v. Hawkins,* 295 Pa.Super. 429, 441 A.2d 1308, 1312, n. 6 (1982).

¶ 8 It is well established that trial judges must be given an opportunity to correct errors at the time they are made. *See Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272, 274 (1974). "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." *Id., quoting Commonwealth v. Marlin,* 452 Pa. 380, 305 A.2d 14, 16 (1973) (citations omitted). Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver. *See, e.g., Commonwealth v. Jones,* 501 Pa. 162, 460 A.2d 739 (1983) (claim of prosecutorial

---

**1.** 18 Pa.C.S.A. § 3503.

**2.** The trial court did not order Appellant to file a concise statement of errors complained of pursuant to Pa.R.A.P.1925.

misconduct waived where defense counsel immediately objected to the prosecutor's conduct but failed to request mistrial or curative instructions); *Commonwealth v. Chimenti*, 362 Pa.Super. 350, 524 A.2d 913, 921 (1987) (issue was waived where defense counsel objected to a question posed by the prosecutor but failed to ask the trial judge to do anything further after the question had been answered).

¶ 9 In the instant matter, we are guided by our Court's decision in *Commonwealth v. English*, 446 Pa.Super. 569, 667 A.2d 1123, 1126 (1995), *affirmed*, 548 Pa. 528, 699 A.2d 710 (1997). In *English*, the defendant's estranged wife thought she overheard two jurors discussing defendant's guilt in the women's restroom. The defense brought this concern to the trial judge's attention. In response, the judge offered to allow defendant's counsel to *voir dire* the jury concerning the alleged incident. However, the defense chose to proceed absent formal inquiry of the jurors. On appeal, this Court concluded that the defendant waived any issue pertaining to this alleged incident of juror misconduct when he failed to request corrective measures. *Id.* We explained that "one must object to errors, improprieties or irregularities at the earliest possible stage of the criminal or civil adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." *Id.* We concluded that because the defendant was given every opportunity to inquire into the alleged misconduct, but elected to continue without exploring the matter further, the claim could not be resurrected post-verdict or on appeal. *Id.* at 1126–1127.

¶ 10 In the instant case, after final instructions and the jury's departure to deliberate, the judge asked if counsel for either party wished to have anything re-

flected on the record. Appellant's counsel responded by stating that he wanted the record to indicate that tipstaff had to wake Juror Number 10 during the judge's final instructions. Specifically, the record reflects the following exchange between counsel and the judge:

> [**Counsel:**] Judge, I think just for clarity of the record I think I—I think I have an obligation to point out that on at least one occasion your tip staff had to wake up Juror Number 10 during your charge.
>
> [**Judge:**] Okay. And that is duly noted. I don't particularly have a problem with that. I'll just in fairness to the juror I—I thought that during the trial the juror seemed to be okay and yet at the same time I saw closed—closed his eyes a couple of times. He—he certainly was not doing prolonged sleeping I'm right—right here looking. I did seem [sic] him close his eyes at times. Some people—this is a hard thing to know because some people close their eyes when they're listening for long periods of time. I've seen that happen where jurors weren't sleeping I—I—you know, it's a hard one to know. **I—I realize that none of you made a request to put Alternate Number 1 on[,] which you could have done[,] so evidently you were satisfied with it basically but did note it.** I—I saw it too. Obviously, I was looking right at them not—no attempt on my part to deny it simply just clarified it's not a juror who slept for two days in fairness to the jurors—to the juror but that did occur just as you've stated it.
>
> Anybody have anything else?
>
> [**Counsel:**] No—
>
> [**Judge:**] All right.

N.T., 7/26/2006, at 76–77 (emphasis added).

¶ 11 Our review of the record reflects that counsel asked that the record reflect that the tipstaff had to wake Juror Num-

ber 10. For reasons that are unknown, Appellant's counsel did not pursue the matter further. Instead, Appellant's counsel opted to allow Juror Number 10 to participate in the determination of the verdict. Appellant cannot now seek to appeal an issue after he consciously chose to forgo a remedy offered by the trial court. *See English*, 667 A.2d at 1126–1127.

¶ 12 This Court has explained that claims involving alleged juror misconduct are waived where a defendant merely notes the alleged misconduct for the record but chooses to forgo further inquiry in favor of proceeding to verdict. *See English*. We will not abandon this standard where the issue involves a sleeping juror. We now hold that where a juror is allegedly sleeping or otherwise engaging in conduct that a party finds inappropriate, counsel must do more than simply ask that the record reflect as much in order to preserve a claim for appellate review. In order to preserve the issue for appeal, counsel must take the additional step of specifically requesting the trial judge to take action to remedy the situation. The decision of whether to seat an alternate, of course, is within the judge's discretion.

¶ 13 For the reasons outlined above, we conclude that Appellant's issue is waived. Accordingly, we affirm the judgment of sentence.

¶ 14 Judgment of sentence affirmed.