J-S41027-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRELL TAYLOR HINES, | : | |
| | : | |
| Appellant | : | No. 3196 EDA 2013 |

Appeal from the Judgment of Sentence October 17, 2013,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0000022-2013

BEFORE:  BOWES, DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 05, 2014**

Tyrell Taylor Hines ("Hines") appeals from the judgment of sentence entered following his conviction of three counts of persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1).  We affirm.

The facts underlying Hines' conviction may be summarized as follows. On October 24, 2012, members of the Allentown Police Department executed a search warrant at Hines' residence, which he shared with his brother.  The search warrant permitted a search for items related to the distribution of controlled substances, including firearms and other weapons. Application for Search Warrant, 10/24/12, at Attachment A.  When the officers entered the residence, they encountered Hines and his three adolescent daughters in the living room.  Detective Jack Gill removed Hines to the kitchen where he explained the warrant to him.  Hines immediately

expressed his willingness to cooperate with the officers. As the search proceeded, two handguns were recovered from two separate bedrooms, along with various types of ammunition. The detectives then questioned Hines about a specific firearm, a .9 caliber Baretta. Hines initially told the detectives that the Baretta was in New Jersey. When the police told Hines that they would transport him to New Jersey so that he could show them where it was, Hines changed his story. After procuring a promise that he would be allowed to remain in the house overnight with his daughters, Hines told the police that the Baretta was in his vehicle, which was parked in the driveway. After Hines executed a form consenting to the search of his car, the police recovered the Baretta from a speaker box in the trunk of the car. Other items were recovered from the search, including a digital scale, glassine baggies, and a glass water pipe.

Hines was subsequently arrested. The initial criminal information filed by the Commonwealth charged Hines with one count each of persons not to possess firearms, firearms not to be carried without a license, receiving stolen property, and possession of drug paraphernalia. Criminal Information, 1/18/13, at 1-2. This information was later amended to provide that Hines was being charged with three counts of persons not to possess firearms. Amended Information, 5/8/13, at 1. On September 10, 2013, after a two day trial, Hines was convicted of all three counts of

persons not to possess firearms.[1]  On October 17, 2013, he was sentenced to an aggregate term of eight to 20 years of imprisonment.  Hines filed a post-sentence motion, which the trial court denied.  This timely appeal follows.

Hines presents the following issues for our review:

1. Was it a violation of the due process rights of [Hines] where only one count of persons not to possess was included on the original criminal information and the Commonwealth without a hearing or court approval[] filed an amended information which included three counts of persons not to possess a firearm?

2. Did the court abuse its discretion in denying [Hines'] motion to preclude the use of statements regarding drug dealing by [Hines] to be used at trial where the statements were more prejudicial than probative?

3. Is there a substantial question for which the Superior Court should grant allowance of appeal from the discretionary aspects of the sentence?

4. Did the court err in sentencing [Hines] on three counts of persons not to possess a firearm when only one count was approved by the magisterial district court making it a harsh and excessive sentence?

Hines' Brief at 4.

In his first issue, Hines argues that the trial court erred by allowing the Commonwealth to file an amended information without providing due

_____

[1] The Commonwealth did not proceed with the remaining charges and formally withdrew them at the time of sentencing.  N.T., 10/17/13, at 2.

process protections, such as the opportunity to challenge the proposed amendment. Appellant's Brief at 12-13. Hines first questioned the amended information immediately before the start of trial and after the jury was empaneled. At that time, he indicated that prior to that day he had only seen the original information, which listed only one count of persons not to possess firearms and asked "how this [a]mended [i]nformation came about." N.T., 9/9/13, at 4. The Commonwealth responded there was testimony at the preliminary hearing regarding all three firearms, and that all three were listed in the original information. *Id.* at 5. After the Commonwealth's explanation, Hines raised no further objection and trial proceeded on the amended information. It is axiomatic that "to preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal." *Commonwealth v. Akbar*, 91 A.3d 227, 235 (Pa. Super. 2014). "A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). Accordingly, because Hines did not object to the content of the amended information, which detailed the charges for which Hines was about to be tried, he has waived this issue for purposes of appeal.

Even if we were not to find this issue waived, Hines would not be entitled to relief. **See** Pa.R.Crim.P. 564. Rather, the purpose of Rule of Criminal Procedure 564[2] is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." **Commonwealth v. Page**, 965 A.2d 1212, 1223-24 (Pa. Super. 2009). When a challenge is raised to an amended information, the salient inquiry is:

> [w]hether the crimes specified in the original … information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended … information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

**Id.** at 1224. In this case, the charges added in the amended information were simply two more counts of a crime charged in the original information and rise out of the same factual situation. Moreover, the record establishes that at the preliminary hearing, Detective Gill testified as to all three firearms recovered, not just the recovery of the Baretta, which was the

---

[2] "The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice." Pa.R.Crim.P. 564.

firearm identified as the basis of the persons not to possess charge in the original complaint. *See* N.T., 12/26/12, at 2-4, 8-10. Hines was made aware of the facts underlying the charges added in the amendment information through this testimony, and so the purpose of Rule 564 was not violated. Thus, even if Hines had timely objected, the amended information was appropriate. At best, Hines might have been granted a short continuance, but the evidence would have been the same. Accordingly, there is no merit to Hines' claim.

In his second issue, Hines argues that the trial court erred in denying his motion *in limine* to prohibit statements indicating that Hines was involved in dealing drugs. Appellant's Brief at 13. "When reviewing the denial of a motion *in limine*, [the appellate] court applies an evidentiary abuse of discretion standard of review. It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion." *Commonwealth v. Rivera*, 983 A.2d 1211, 1228 (Pa. 2009).

At issue is a statement by Detective Gill that as the police executed the search warrant, Hines stated that he obtained the two firearms found in the house by trading drugs for them. N.T., 9/9/13, at 103. Hines argues that although on the night of his arrest he "freely admitted" that he traded drugs for the firearms, this information was not relevant to the charges of persons not to possess firearms, because "[t]he source of the guns was of

no relevance in the determination as to whether Mr. Hines was in possession

of a firearm or whether he had been convicted of an [] offense" that would

prohibit him from possessing a firearm. Appellant's Brief at 14-15. While

Hines' argument is appealing at the outset, upon further consideration, we

disagree.

> The threshold inquiry with admission of evidence is whether the evidence is relevant. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact. In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact.

***Commonwealth v. Antidormi***, 84 A.3d 736, 750 (Pa. Super. 2014). The

crime of which Hines was convicted is defined as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). The Commonwealth was required to establish,

*inter alia*, that Hines possessed the firearms found in his house. It would

seem, therefore, that any statements about Hines' trading drugs for guns[3]

---

[3] The Commonwealth established that Hines had been convicted of an offense under New Jersey's equivalent to "the Controlled Substance, Drug, Device and Cosmetic Act … that may be punishable by a term of imprisonment exceeding two years[,]" and therefore it satisfied the

would not be relevant to establishing that he, in fact, possessed the firearms. However, Hines was living in the residence with his brother and two of the firearms were found in different locations in the residence. Therefore, to tie these guns to Hines, the Commonwealth had to establish that Hines had constructive possession of these firearms. **See Commonwealth v. Cruz**, 21 A.3d 1247, 1253 (Pa. Super. 2011) (holding that illegal possession of a firearm may be shown by constructive possession, defined as an inference arising from a set of facts that the accused had the power to control the contraband and the intent to exercise that control). Thus, the statement at issue is relevant because it helps establish that Hines, rather than his brother, possessed the firearms. We find no error in the trial court's determination that this relevance outweighs any potential prejudice to Hines, and so we will not disturb its ruling.

In his third and fourth issues, Hines challenges the sentence imposed.[4] Hines argues that his sentence was "harsh and excessive" because the trial court sentenced him on three counts of persons not to possess firearms when the original information charged him with only one count of this crime. Appellant's Brief at 16. Preliminarily, we note that Hines' characterization of

_____

requirements of subsection (c)(2). **See** 18 Pa.C.S.A. § 6105(c)(2). Hines does not dispute that the Commonwealth established this element of the crime.

[4] Hines' third issue is not a separate issue, but rather a non-conforming statement of reasons relied upon for appeal as required by Pa.R.A.P. 2119(f), offered in support of his fourth issue, which purports to challenge the discretionary aspects of his sentence.

this as an issue addressed to the discretionary aspects of his sentence is incorrect. Hines is challenging the trial court's authority to impose his sentence because of the challenged amended information, and so he is therefore challenging the legality of his sentence. *See Commonwealth v. Robinson,* 931 A.2d 15, 21 (Pa. Super. 2007) (providing that challenges to the legality of a sentence involve the authority of the court to impose a given sentence). Furthermore, Hines' "argument" in support of this claim is simply the claim that the information was improperly amended, and that he should only have been sentenced on one count of persons not to possess firearms because only one count was included in the original information. Appellant's Brief at 16.[5] As discussed above, his challenge to the amendment of the information is meritless. As the jury found Hines guilty of all three counts, the trial court was permitted to impose sentences on all three counts.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

---

[5] We note that Hines fails to include any citation to supportive authority, in violation of Pa.R.A.P. 2119(b).