J-S22002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAC LAMONT JONES | |
| Appellant | No. 729 WDA 2013 |

Appeal from the Judgment of Sentence January 25, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0002958-2012

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED June 1, 2015**

Appellant, Isaac Lamont Jones, appeals from the judgment of sentence entered after he was convicted of robbery – serious bodily injury and conspiracy to commit robbery.  Jones argues that the verdicts were against the weight of the evidence and that the trial court erred in failing to grant a mistrial after the Commonwealth used leading questions during direct examination of the victim.  We affirm.

At trial, the victim, Alvester Clay, testified that during the morning of December 24, 2011, he was preparing to open the bar and restaurant he owned.  At around noon, the door buzzer rang, and he allowed a young, tall

---

[*] Retired Senior Judge assigned to the Superior Court.

man into the bar.  The man requested a drink, and as Clay turned to get one, the man produced a gun.

The young man pointed the gun at Clay and told him to get on the floor.  As Clay complied with the order, the young man opened the door and allowed another man to enter.  This man had his face partially covered, but at some point the covering shifted, and Clay was able to recognize him as a former employee and regular patron at the bar:  Jones.

Jones demanded that Clay give him the keys to Clay's upstairs apartment.  When Clay refused, Jones retrieved a knife from the kitchen and held it to Clay's neck.  Clay relented and opened the door to the upstairs apartment.

The two assailants escorted Clay upstairs to his apartment, where they bound Clay's hands and feet with duct tape, before locking him in a closet.  Jones and his accomplice then proceeded to ransack Clay's apartment.  After over an hour in the closet, Clay was able to free himself and contacted police.  He immediately identified Jones as one of his assailants.

In contrast, two alibi witnesses testified that Jones was otherwise occupied at the time of the robbery.  Tracee Russell, Jones's girlfriend and mother of his child, testified that Jones was home all day playing a video game.  Marcus Lewis, a friend of Jones, testified that he was playing a videogame over the internet with Jones from approximately 8:30 that morning until noon or 1:00 p.m.

The jury subsequently returned a guilty verdict on charges of robbery – serious bodily injury and conspiracy to commit robbery. The trial court sentenced Jones to a term of imprisonment of five to ten years. Jones filed post-sentence motions, which the trial court denied, and this timely appeal followed.

On appeal, Jones first argues that the verdict was against the weight of the evidence. Our standard of review applicable to a challenge to the weight of the evidence, is as follows.

> [A] verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. … The role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court … is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009) (internal citations and quotation marks omitted).

Jones argues that Clay's testimony was contradictory, that Clay's age impacted his credibility, and that the testimony of his alibi witnesses was contradicted. In response, the trial court observes:

> Here, the jury found the Defendant guilty of all charges after hearing strong direct evidence of the Defendant's involvement in this armed robbery, namely, the testimony of the victim of the robbery. Although the Defendant attempts to argue that the direct evidence provided by Mr. Clay was weak or incredible, the jury clearly found the testimony of Mr. Alvester Clay to be compelling. He was the sole eyewitness to, and victim of, the events of December 24, 2011, and he was able to describe what he saw, heard and experienced to the jury in great detail. Even though defense counsel engaged in a lengthy cross-examination of Mr. Clay in an attempt to discredit him and sully his credibility, the jury chose to believe his version of what happened that day, which is well-within their province. As this court stated earlier, Mr. Clay was a compelling witness. It certainly does not shock this court's conscience or sense of justice that the jurors found him to be credible. In fact, this court found him to be credible and truthful as well.
>
> …
>
> In terms of the allegations that Mr. Clay's testimony was confusing and contradictory, that certainly was not the case. Mr. Clay was clear and consistent on all of the main facts in this case, including the identity of the Defendant as the perpetrator, the description of the co-Defendant, the manner and order in which the Defendants entered the bar, the fact that the Defendants were armed, the use of the knife by the Defendant, the fact the the Defendant was in charge of the robbery, and the fact that a large sum of money was taken from him. His trial testimony was consistent even during aggressive cross-examination. If there was a discrepancy between trial testimony and facts related in police reports, the jury was certainly aware that Mr. Clay did not write the police reports, could only provide answers to questions asked of him and was in an agitated, excited state when questioned by officers.

Trial Court Opinion, at 5-6; 8-9. We can discern no abuse of discretion in this reasoning, and therefore conclude that Jones's first issue on appeal merits no relief.

In his final issue on appeal, Jones contends that the trial court erred in allowing the Commonwealth to use leading questions during the direct examination of Clay. Our standard when reviewing a trial court's evidentiary rulings is well-settled: we will not disturb the lower court's rulings absent an abuse of discretion. *See Commonwealth v. Einhorn*, 911 A.2d 960, 967 (Pa. Super. 2002). "The trial court abuses its discretion if 'it misapplies the law or [rules] in a manner lacking reason.'" *Id*. (citation omitted).

Ordinarily, the use of leading questions during direct examination is prohibited. *See* Pa.R.E. 611(c). Jones objected to the leading nature of the Commonwealth's questioning five times during the direct examination of Clay; the trial court sustained four of those objections. In response to the fifth objection, the trial court determined that the question was not leading in nature and overruled it.

Jones provides no argument that the trial court erred in overruling his fifth objection. Rather,

> Jones merely asks this Court to review the testimony of Mr. Clay, the main prosecution witness. The conviction of Mr. Jones can only stand if Mr. Clay was able to provide competent testimony of Mr. Jones's involvement in the robbery without the use of leading questions. The leading questions in this case were too extensive to permit such a finding. At several points, Mr. Clay wasn't testifying, the Assistant District Attorney was.

Accordingly, it was error to permit such prejudicial testimony to stand at trial.

Appellant's Brief, at 32.

To the extent that Jones is arguing that the trial court erred in not sustaining objections that were never made, we note that such an argument is waived. *See* Pa.R.A.P. 302. Furthermore, our review of the record can locate no instance where Jones requested a mistrial due to the leading nature of the Commonwealth's questions. Jones's appellate brief does not explicitly identify any, either. "Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver." *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008).

In any event, we cannot conclude that the trial court's sole decision to overrule Jones's objections to the leading nature of the Commonwealth's questioning of Clay constituted an abuse of discretion. Nor do we agree with Jones's characterization of Clay's testimony. For the vast majority of the relevant testimony, Clay was responding to open-ended questioning, and was not led in a manner indicating improper influence by the prosecuting attorney. We therefore conclude that Jones's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/1/2015</u>