J-A25022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN WADE :
:
Appellant : No. 692 EDA 2017

Appeal from the Judgment of Sentence January 26, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005616-2015

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J.: **FILED APRIL 29, 2019**

Brian Wade appeals from the judgment of sentence entered after a jury convicted him of sexually abusing a six-year-old relative. Wade contends the trial court erred in admitting evidence that he previously pled *nolo contendere* to sexually assaulting another minor family member. He also argues the court erred in permitting the Commonwealth to argue the prior sexual assault corroborated the victim's testimony in this matter. We affirm.

The Commonwealth presented evidence that the victim in this case did not come forward with her allegations for approximately four years. When she did, she told her mother that Wade approached her while she was in bed watching television. He pulled down the victim's pants and fondled her genitals with his fingers, but did not penetrate her vagina. When the victim's aunt entered the home, Wade left the bedroom.

Prior to trial, the Commonwealth sought permission to introduce evidence of Wade's prior plea of *nolo contendere* to indecent assault of another young female family member. The Commonwealth argued it was admissible evidence to bolster the credibility of the victim's testimony. **See** N.T., 10/14/16, at 32. The trial court ruled that the Commonwealth could present evidence of Wade's prior *nolo contendere* plea, but limited its use to proving Wade's motive and refuting a claim of fabrication. Wade contends this was error.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Drumheller**, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). However, it is impermissible to present evidence of a defendant's prior bad acts or crimes in an attempt to establish the defendant's criminal character or tendencies. **See Commonwealth v. Hudson**, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." **Commonwealth v. Russell**, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted).

"Evidence of other crimes, wrongs or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or lack of accident." Pa.R.E. 404(b)(2). However, before admitting this evidence, a court must balance the

probative value of the evidence for these purposes against the potential for undue prejudice. **See id**.

Evidence of prior crimes that constitute a common scheme is admissible to bolster the credibility of a victim's testimony. **See Commonwealth v. O'Brien**, 836 A.2d 966, 970 (Pa. Super. 2003). Wade contends that **O'Brien** is inapplicable here, as the Commonwealth did not explicitly argue the evidence was presented to combat an allegation of mistake or fabrication. **See** Appellant's Brief, at 15.

However, **O'Brien** does not require the Commonwealth to make such an argument. Wade does not quote or cite to language in **O'Brien** that supports his argument. This is perhaps unsurprising, as our independent review of **O'Brien** does not reveal any explicit or implicit support for the imposition of Wade's asserted requirement.

Moreover, until a defendant admits to the indecent contact, the Commonwealth always has the burden of overcoming the possibility that a victim is fabricating. That is inherent in the burden of proof placed upon the Commonwealth to prove the defendant committed a crime beyond a reasonable doubt. As a result, the Commonwealth's argument that it needed the prior bad acts evidence to bolster the credibility of the victim implicitly conceded the need to address the possibility the victim had fabricated the assault.

Here, the circumstances common to both assaults are suggestive of a common scheme employed by Wade. In each case, his victim was a pre-pubescent, female family member. In each case, he assaulted the victim in a bedroom. While not conclusive, this evidence is certainly suggestive, and we cannot conclude the trial court abused its discretion in finding this evidence probative of the victim's credibility.

Further, the court instructed the jury that it could use the evidence of the prior assault for only two purposes. First, the court instructed the jury the evidence was relevant to determining Wade's intent or motive in fondling the victim's genitals. *See* N.T., Trial, 10/26/16, at 150. Second, the court told the jury the evidence was relevant to determining whether the victim had a mistaken recollection of events or was fabricating the charges. *See id*. at 150-151. Finally, the court instructed the jury that the evidence could not be considered as demonstrating Wade's bad character or his propensity to commit crimes. *See id*. at 151. As "[t]he law presumes the jury will follow the instructions of the court," *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001) (citation omitted), we cannot conclude the jury used the evidence for improper purposes.

Since Wade does not present any argument the trial court erred in balancing the probative value against the possibility of undue prejudice, we need not address that issue. We therefore conclude the court properly

considered the evidence of the prior *nolo contendere* plea as probative of the victim's credibility. Wade's first issue on appeal merits no relief.

Next, Wade argues the court erred in permitting the prosecutor to allegedly "repeatedly commit prosecutorial misconduct during closing arguments." Appellant's Brief, at 16. He argues the prosecutor repeatedly "mislead the jury" that the prior bad acts evidence "corroborate[d] the current victim[']s statements." *Id*. at 17. Further, he claims the prosecutor engaged in misconduct when he told the jury, "maybe [Wade] got off too easy" in the prior prosecution. *Id*.

When Wade objected to these statements during the prosecutor's closing arguments, the trial court sustained the objections. *See* N.T., Trial, 10/26/16, at 88 (agreeing that prosecutor could not argue corroboration); 91 (agreeing that prosecutor's statement that Wade "got off too easy" was not a fair response to defense argument and providing a cautionary instruction). Wade did not object to the trial court's resolution of either objection, nor did he request a mistrial. *See id*.

"It is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted." *Commonwealth v. Baez*, 720 A.2d 711, 729 (Pa. 1998) (citation omitted). As such, if a defendant perceives prosecutorial misconduct during the course of trial, he must allow the trial court the opportunity to correct the error at the time it is made. *See*, *e.g.*,

***Commonwealth v. Clair***, 326 A.2d 272, 274 (Pa. 1974) ("[A] party may not remain silent and afterwards complain of matters which, if erroneous, the [c]ourt would have corrected.")

In order to allow for this opportunity, defense counsel must not only object to the perceived misconduct, but also request a mistrial or curative instruction at the time the perceived misconduct occurs. ***See Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa. Super. 2008). Failure to request either of these remedies waives claims of misconduct on appeal – even where defense counsel notes his objection to the perceived misconduct. ***See Commonwealth v. Sandusky***, 77 A.3d 663, 670 (Pa. Super. 2013).

Here, while Wade objected to two claims of perceived misconduct by the prosecution, the trial court sustained both objections. Wade failed to object to the remedy supplied by the court, and further, he failed to request a mistrial. He has therefore waived this issue.

As we conclude neither of Wade's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19

- 6 -