J-A25030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL P. BROWN | : | |
| | : | |
| Appellant | : | No. 530 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 8, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001151-2022

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  December 5, 2023**

Samuel P. Brown appeals from the judgment of sentence entered after

he was convicted of driving under the influence (DUI) of a controlled substance

and other offenses.[1]  We affirm.

The trial court set out the facts of the case:

> On February 3, 2022, Lorri Kujawski was driving to her
> mother-in-law's home in Charleroi, Pennsylvania, at
> approximately 9:15 a.m.  Mrs. Kujawski was traveling about 5
> miles per hour as she approached her mother-in-law's driveway.
> Mrs. Kujawski started to make a left-hand turn into the driveway,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(i) (DUI); 35 P.S. § 780-113(a)(31)(i) (possessing a small amount of marijuana); 75 Pa.C.S.A. §§ 3736(a) (reckless driving), 3714(a) (careless driving), 1504(a) (driving without proper class of license), 1786(f) (driving without financial responsibility), 1301(a) (driving an unregistered vehicle), 3361 (driving at an unsafe speed), 4303(a) (driving without a head lamp), 4303(c) (driving without turn signals), 4703(a) (driving without valid inspection), and two counts of 4107(b)(2) (driving without a speedometer or rearview mirrors).

when suddenly she felt a significant impact on her car. Mrs. Kujawski testified that her car was about halfway onto the driveway when the impact occurred. She immediately got out of the car and saw a dirt bike and [Brown] lying in her mother-in-law's yard. According to Mrs. Kujawski, [Brown] said to her that he "didn't know what happened." After approaching [Brown], Mrs. Kujawski ran into the house to call 911, but was unable. She returned to the driveway and saw two men in a truck pull up to the scene of the accident. Mrs. Kujawski asked them to call 911. One of the gentlemen made the call[,] and a Pennsylvania State Trooper arrived within 10 minutes.

Trooper Charles Hassenfeldt testified he had just left a Magisterial District Judge's office on a dry and clear day when he heard a dispatch call of an accident nearby. He responded and immediately drove to the site. The Trooper testified that it appeared to him that the accident took place partially on the road and partially on the driveway. He noticed that [Brown] was approximately 20 feet away from where his dirt bike collided with Mrs. Kujawski's car, and that [Brown] was in pain with a severe leg fracture. Importantly, the Trooper saw that a small "baggy" of marijuana had fallen from [Brown] onto [the] ambulance floor when emergency personnel were examining him.

Trooper Hassenfeldt is certified in crash reconstruction. He testified that [Brown] hit the front right corner of Mrs. Kujawski's car at the intersection of where the road and driveway meet. Additionally, it was apparent to the Trooper that [Brown] had swerved to the right in an attempt to avoid the accident. Further, he noticed a single line of tire brake marks [in the middle of the travel lane] on the road approaching 100 feet in length leading to the accident, and that it was consistent with that of a dirt bike. Finally, the Trooper testified that [Brown] was traveling at a high rate of speed in the proper lane of travel on the roadway. The road had a 35 [miles-per-hour] posting, but the 100-foot skid mark was not consistent with 35 miles per hour of travel.

Emergency personnel transported [Brown] from the accident scene to Allegheny General Hospital. The Trooper also traveled to the hospital and spoke to [Brown] there. [Brown] told him that he was traveling home, but was not sure what happened. According to the Trooper, [Brown] told him that he had smoked marijuana just prior to driving home. The Trooper asked [Brown] if he had a medical marijuana card, and [Brown] replied that he did not. Trooper Hassenfeldt read [Brown] the DL-26 form

because he believed there was probable cause that [Brown] was operating his dirt bike under the influence of a controlled substance. [Brown] consented to a blood draw, but did not sign the form because he was in tremendous pain and was lying down at the time the Trooper read the form to him. However, Brown did sign the "Consent to Release Blood Specimen" form the Trooper presented him. The Trooper was present for the blood draws and took possession of the vials. After leaving the hospital, he placed them into the evidence locker at the police barracks, and requested that NMS Labs conduct an analysis of [Brown's] blood samples.

Kari Midthun testified regarding the blood test results. Dr. Midthun is a Ph.D. forensic toxicologist from NMS Labs, and informed the court that she received the blood vials from the Pennsylvania State Police, marked as [Brown's] blood samples. Additionally, Dr. Midthun authored a report regarding her findings. Specifically, she testified that [Brown's] blood samples tested positive for Delta 9 THC and metabolites. According to Dr. Midthun, Delta 9 THC is the active component found in marijuana, and [Brown] had 3.1 nanograms per milliliter of Delta 9 THC in his blood. [Brown] also had 1.1 nanograms per milliliter of 11 Hydroxy Delta 9 THC in his blood, which is an active metabolite. Dr. Midthun explained that metabolites breakdown components, such as food or drugs. Active metabolites produce a psychoactive influence upon the brain, while inactive metabolites have no behavior effect or influence upon the body or brain.

Trial Court Opinion, 5/30/23, at 1–3 (footnote and record citations omitted).

After a non-jury trial on March 15, 2023, the trial court found Brown guilty of the above crimes. On May 8, 2023, the trial court sentenced Brown to 72 hours to 6 months of incarceration, 30 days of probation, a license suspension, and fines. Brown timely appealed.[2] Brown and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

[2] The trial court entered an amended sentence order on May 17, 2023, adding a sentence of restitution. Because Brown had already appealed, the trial court lacked jurisdiction to modify its order. *See* 42 Pa.C.S.A. § 5505 (empowering

*(Footnote Continued Next Page)*

Brown presents two issues for our review: (1) a challenge based on Trooper Hassenfeldt's testimony, and (2) a challenge to the constitutionality of the DUI statute. Brown's Brief at 4.

In Brown's first issue, he argues that the trial court should not have accepted Trooper Hassenfeldt's opinions about the accident into evidence. Brown emphasizes that Trooper Hassenfeldt was not qualified as an expert in traffic accident reconstruction. Without this testimony, Brown contends that the evidence was insufficient to prove that he was on a public road, as needed for his Vehicle Code convictions.[3] *See* 75 Pa.C.S.A. § 3101.

Brown frames his first issue as one of evidentiary sufficiency. However, this Court reviews the sufficiency of all evidence from trial, including evidence that is challenged on appeal. *Commonwealth v. Smith*, 568 A.2d 600, 603 (Pa. 1989) ("The question of sufficiency is not assessed upon a diminished record."). Thus, our assessment of the sufficiency of the evidence includes Trooper Hassenfeldt's testimony. The trial court was free to accept Trooper Hassenfeldt's conclusion that Brown was traveling on a public road, such that Brown was subject to the Vehicle Code. The evidence, including the challenged testimony, was therefore sufficient to sustain Brown's convictions.

---

a court to modify any order within 30 days after its entry, "if no appeal from such order has been taken or allowed"). The amended order is therefore of no consequence to our disposition of this appeal.

[3] This reasoning does not apply to Brown's conviction for possessing a small amount of marijuana, which is under the Controlled Substance, Drug, Device and Cosmetic Act. 35 P.S. § 780-113(a)(31)(i).

The real substance of Brown's first issue is a challenge to the trial court's acceptance of Trooper Hassenfeldt's opinion. We review such an evidentiary ruling for an abuse of discretion. ***Commonwealth v. Petroll***, 696 A.2d 817, 834–35 (Pa. Super. 1997). Pennsylvania Rule of Evidence 701 provides three requirements for opinion testimony from a lay witness:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> > (a) rationally based on the witness's perception;
> >
> > (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> >
> > (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701; ***see Commonwealth v. Jones***, 240 A.3d 881, 889 (Pa. 2020). Notwithstanding Brown's failure to object to this testimony when it was presented, the trial court did not abuse its discretion in permitting Trooper Hassenfeldt's lay opinions. The Trooper's opinions were based on his perception of the scene, and they were helpful in determining Brown's actions. Further, it does not require specialized knowledge to infer that a single line of tire brake marks on a road comes from braking a dirt bike on that road.[4] Brown's first issue fails.

In Brown's second issue, he challenges the constitutionality of the DUI law "as written and applied." Brown argues that Section 3802(d)(1)(i) of the

---

[4] It does not matter whether the crash itself occurred on a public roadway. The trial court could reasonably infer from Trooper Hassenfeldt's conclusions that Brown's DUI and other Vehicle Code violations occurred prior to the crash, while Brown was on a public roadway.

Vehicle Code no longer withstands constitutional scrutiny given the passage of the Medical Marijuana Act. *See* 35 P.S. §§ 10231.101–10231.2110. He cites law from other states, as well as pending legislation in Pennsylvania, to urge this Court to declare Section 3802(d)(1)(i) unconstitutional.

Brown has waived this issue. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Even issues of constitutional dimension cannot be raised for the first time on appeal." *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). Here, Brown did not raise this issue until he filed his concise statement of errors complained of on appeal. "An issue raised for the first time in a concise statement is waived." *Beemac Trucking, LLC v. CNG Concepts, LLC*, 134 A.3d 1055, 1058 (Pa. Super. 2016). Because Brown did not provide the trial court the opportunity to assess his constitutional challenge before he appealed, this Court has no preserved ruling to review. Brown's second issue fails.[5]

Judgment of sentence affirmed.

---

[5] We note that Brown did not have a medical marijuana card, admitted to smoking marijuana, and had THC and an *active* metabolite in his blood.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/5/2023</u>