J-S01004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES KEVIN SHATZER | : | |
| | : | |
| Appellant | : | No. 386 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 14, 2020
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002303-2017

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: MARCH 21, 2024**

James Kevin Shatzer appeals from the judgment of sentence entered following his convictions of attempted murder causing serious bodily injury, aggravated assault with a deadly weapon, and aggravated assault causing serious bodily injury.[1] We affirm.

In the morning of November 26, 2017, Shatzer was arguing with his wife while she was in bed. Shatzer retrieved a .22 caliber revolver from a firearm cabinet. He then fired two shots at his wife, striking her in the face. Shatzer eventually called 911, and he then drove himself to the Pennsylvania State Police Chambersburg Barracks. Shatzer's wife also called 911 and she

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901 and 2502(a), 2702(a)(4), and 2702(a)(1), respectively.

was taken to York hospital for medical treatment.[2] At the police barracks, Pennsylvania State Police Trooper Quincy Cunningham interviewed Shatzer, who related the events of the day. In addition, he indicated the firearm he used was in the glove box of the vehicle he drove to the barracks. A search warrant was obtained for the vehicle and the revolver was retrieved from the glove box.

In an information filed December 28, 2017, Shatzer was charged with the three crimes stated above. At the conclusion of a three-day trial, a jury convicted Shatzer of the charged crimes. On February 14, 2020, the trial court sentenced Shatzer to serve an aggregate term of incarceration of 20 to 40 years. Shatzer did not file post-sentence motions, however, he initiated this timely appeal on February 27, 2020. Both the trial court and Shatzer complied with Pa.R.A.P. 1925, with Shatzer raising one issue pertaining to prosecutorial misconduct in his Rule 1925(b) statement.

In a *per curiam* order filed September 9, 2020, this Court dismissed Shatzer's appeal due to failure to file an appellate brief. In a protracted process, this matter made its way to our Supreme Court and new appellate counsel was eventually appointed. Ultimately, in an order issued June 6, 2023, the Supreme Court granted Shatzer's petition for allowance of appeal, vacated

---

[2] The victim suffered a broken jaw, brain damage, permanent vocal cord damage, and partial paralysis. A fragment of a bullet remains lodged in her head next to her spinal cord.

our September 9, 2020 order that dismissed this appeal, and remanded the matter to this Court for the establishment of a briefing schedule. Our Supreme Court's order further directed, "The issues in [Shatzer's] Superior Court brief shall be limited to those identified in his Rule 1925(b) statement, as well as any other non-waivable issues that counsel may identify." Order, 6/6/23, at 2. Both Shatzer and the Commonwealth have filed appellate briefs with this Court, and the matter is now ripe for our disposition.

The only issue now before us, pursuant to the directive of our Supreme Court, is the following:

> Did the prosecutor, Attorney Nathan Boob, commit prejudicial error at trial whereby denying [Shatzer] a fair trial by pretending to load a revolver directly in front of the jury — while having no evidence to support those actions on the day of the incident and no evidence to support that [Shatzer] loaded the gun used on the day he shot his wife — and by using body movements, not words, in demonstration of putting bullets into a cylinder, closing a cylinder into the frame of a revolver, tucking a gun into one's waistband, cocking of the hammer, pointing of a handgun, taking aim and the pulling of a trigger to discharge a handgun?

Appellant's Brief, at 8; *see also* Pa.R.A.P. 1925(b) Statement, 3/23/20, at 1. Essentially, Shatzer has presented this Court with a claim that the assistant district attorney committed prosecutorial misconduct, which denied him a fair and impartial trial. **See** Appellant's Brief, at 11-12.

The decision whether to grant a new trial because of alleged prosecutorial misconduct rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. **See Commonwealth v. Reid**, 259 A.3d 395, 425 (Pa. 2021). "Our standard of

- 3 -

review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion." **Commonwealth v. Harris**, 884 A.2d 920, 927 (Pa. Super. 2005).

> It is well established that trial judges must be given an opportunity to correct errors at the time they are made. "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver.

**Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008) (citations omitted); **see Commonwealth v. Jones**, 460 A.2d 739 (Pa. 1983) (holding that issue of prosecutorial misconduct was waived on appeal where defense counsel immediately objected to prosecutor's conduct but made no request for mistrial or curative instructions).

Moreover, when a party moves for a mistrial, such relief is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. **See Commonwealth v. Fortenbaugh**, 69 A.3d 191, 193 (Pa. 2013).

In addressing the claim presented by Shatzer that the prosecutor committed misconduct in replicating physical actions undertaken by Shatzer during the commission of the shooting, the trial court offered the following in its Pa.R.A.P. 1925(a) opinion:

> We begin by noting that [Shatzer] has not advised this court where, in the record, this claim of error is preserved. The trial in this matter took place over the course of three days, January 6 - 8, 2020. Thus, the court is reduced to speculating as to where the

- 4 -

error is alleged to have occurred, and where it may have been preserved for appellate review. As we noted above, [Shatzer] did not file a post-sentence motion; therefore any claim of error must be preserved during the trial itself. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Johnson*, 33 A.3d 122, 1.26 (Pa. Super. 2011) ("It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal.").

Without a specific notation from [Shatzer] where this claim of error can be found in the record, we cannot discern precisely what error is claimed, what evidence was before this court at the time, or even whether we, in fact, issued a ruling. We have no memory of any such objection during trial. We examined the most likely portions of the record to contain such an objection, namely the Commonwealth's opening statement and closing argument. *See Transcript of Proceedings of Trial by Jury - Day 1*, pp. 19 - 26; *see also Transcript of Proceedings of Trial by Jury – Day 3*, pp. 16 - 32. Our review discloses no such objection, let alone a ruling from, this court on such a question.

Trial Court Opinion, 3/24/20, at 2-3.

Similarly, Shatzer's current counsel stated the following in his appellate brief, "The undersigned concedes that it is unclear in the record where [the prosecutor] demonstrated the use of a gun or where an objection was lodged in relation to [Shatzer's] claim." Appellant's Brief, at 11. Likewise, the Commonwealth observed, "While [Shatzer's] Concise Statement details the conduct he alleges to have been objectionable, it does not include any references to the record which indicate when – or in what context – the conduct occurred or the manner in which he preserved the issue for appellate review." Commonwealth's Brief, at 3.

We have scoured the record and the notes of testimony for any reference to support Shatzer's allegation that the prosecutor committed

misconduct by making physical gestures that could be considered improper and denied him of a fair and impartial trial. However, our review reveals no indication that the prosecutor made any questionable physical actions during the trial. Furthermore, even if such behavior were committed by the prosecutor, there is no suggestion that defense counsel lodged any objection to the alleged conduct.

Moreover, utilizing our best guess that this conduct would have occurred during closing arguments, if at all, we reviewed the notes of testimony related to the prosecutor's closing argument, during which he narrated the Commonwealth's version of events surrounding the shooting. **See** N.T., 1/8/20, at 25-27. There is no reference in the notes of testimony demonstrating the prosecutor offered questionable physical movements to coincide with the narrative argument. Importantly, assuming for the sake of argument that the allegedly offensive conduct occurred at this point in the trial, defense counsel did not make an objection challenging any conduct or comments by the prosecutor during closing argument.

Consequently, because Shatzer made no objection at any time during the trial of the alleged behavior, the claim of error is waived. **See Strunk**, 953 A.2d at 579. **See Commonwealth v. Spotz**, 18 A.3d 244, 277-78 (Pa. 2011) (concluding that the appellant waived a claim of prosecutorial misconduct by failing to a raise contemporaneous objection).

To the extent that Shatzer attempted to present a claim of trial counsel ineffective assistance to the trial court during the sentencing hearing, we observe that the veiled allegation appears to be that trial counsel failed to object to the prosecutor's gestures and body movements during closing arguments. *See* N.T., 2/14/20, at 7-9. However, litigation of ineffectiveness claims is not a proper component of a defendant's direct appeal and is presumptively deferred for collateral attack under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. *See Commonwealth v. Holmes*, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)); *see also Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018) (creating additional exception to *Grant's* general rule for those situations where a defendant is statutorily precluded from obtaining subsequent review under the PCRA). The facts of this case do not fall within the limited exceptions to the deferral rule presented by the *Holmes* and *Delgros* courts. As a result, Shatzer cannot seek review of his ineffectiveness claim on direct appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/21/2024