J-S40009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAKEEM T. LEE | : | |
| | : | |
| Appellant | : | No. 602 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000706-2024

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: JANUARY 9, 2026**

Hakeem T. Lee appeals from the judgment of sentence, entered in the Court of Common Pleas of Schuylkill County, following his convictions of one count each of rape by forcible compulsion,[1] involuntary deviate sexual intercourse (IDSI) by forcible compulsion,[2] aggravated indecent assault without consent,[3] aggravated indecent assault by forcible compulsion,[4] sexual

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] *Id.* at § 3123(a)(1).

[3] *Id.* at § 3125(a)(1).

[4] *Id.* at § 3125(a)(2).

assault,[5] indecent assault without consent,[6] false imprisonment,[7] and loitering and prowling at night,[8] and two counts of indecent assault by forcible compulsion.[9] After review, we affirm.

In March 2023, Lee and Charla Bensinger worked at Dollar General Distribution. Bensinger and Lee began a sexual relationship. At some point, Bensinger moved to Chattanooga, Tennessee, for a short time before returning to Pennsylvania. Upon her return, Bensinger moved into her home, which was in a secluded, wooded area near her parents' home and barn. Bensinger and Lee resumed their sexual relationship.

Bensinger began working at Americold Logistics as a dock clerk. During this time, Bensinger and Lee's relationship became tumultuous, as Lee believed Bensinger worked at Americold because she was dating someone there. On Valentine's Day in 2024, Bensinger broke up with Lee because she wanted to put distance between them and focus on her new job. For the next month, Lee continued to contact Bensinger and told her that he wanted to resume their relationship. Ultimately, in March of 2024, Bensinger blocked Lee's phone number.

_____

[5] *Id.* at § 3124.1.

[6] *Id.* at § 3126(a)(1).

[7] *Id.* at § 2903(a).

[8] *Id.* at § 5506.

[9] *Id.* at § 3126(a)(2).

On March 21, 2024, Bensinger left work at 10:30 p.m. and drove home, arriving at approximately 11:15 p.m. Bensinger exited her car and was attempting to open the door to her home when she heard a loud thud on her car. At first, Bensinger was unable to see what made the noise due to the secluded nature of her home and the lack of light. However, a figure approached her, and she recognized the figure as Lee. Lee attacked Bensinger, taking her keys and phone.

Lee used Bensinger's keys to open the door and forced Bensinger inside. Lee and Bensinger struggled, but Lee was able to force her into the bedroom, where he tore off Bensinger's clothes, and vaginally and anally raped her. Sometime later, while Bensinger was using the bathroom, Lee entered the room, grabbed her by the throat and pushed her against the wall. Bensinger's vision darkened and her hearing became muffled, but she did not lose consciousness. A few moments later, Lee released her and, eventually, fell asleep. Once Lee was asleep, Bensinger sneaked out of her house and called the police. Pennsylvania State Police Trooper Andrew Lynn responded to the call and, once he arrived at Bensinger's home, he located and detained Lee. Lee was charged with the above-mentioned offenses.

On November 4, 2024, after multiple changes in defense counsel and a brief stint as a *pro se* litigant, Christopher M. Riedlinger, Esquire, of the Schuylkill County Office of the Public Defender entered his appearance on Lee's behalf. Attorney Riedlinger requested a continuance until January of 2025 in order to have time to prepare for trial, which the trial court granted.

On January 15, 2025, Lee proceeded to a jury trial, after which he was convicted of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report and directed the Sexual Offenders Assessment Board (SOAB) to prepare a report. SOAB concluded that Lee was a sexually violent predator (SVP).

On May 1, 2025, the trial court conducted a sentencing hearing at which the Commonwealth stated that it was still pursuing a mandatory sentence under 42 Pa.C.S.A. § 9718.2[10] and Lee did not object. Ultimately, the trial court sentenced Lee to an aggregate sentence of life imprisonment.[11] Lee did

_____

[10] On October 22, 2024, the Commonwealth filed notice of its intent to seek the mandatory minimum sentence of life imprisonment for a third-time recidivist offender under section 9718.2(a)(2). *See* Notice of Mandatory Minimum Sentence, 10/22/24, at 1.

Subsection 9718.2(a)(2) provides that any person, "[who] at the time of the commission of the current offense [has] previously been convicted of two or more offenses arising from separate criminal transactions . . . shall be sentenced to a term of life imprisonment." 42 Pa.C.S.A. § 9718.2(a)(2).

[11] For his convictions of rape by forcible compulsion, IDSI by forcible compulsion, aggravated indecent assault without consent, aggravated indecent assault by forcible compulsion, and sexual assault, the trial court imposed concurrent sentences of life imprisonment. For his conviction of indecent assault by forcible compulsion, the trial court sentenced Lee to a concurrent term of 8 to 24 months' incarceration. For the remainder of Lee's convictions, the trial court either imposed no further penalty or merged the offenses.

Regarding the life imprisonments, the trial court concluded that Lee had two previous qualifying offenses. *See* N.T. Sentencing Hearing, 5/1/25, at 38 (trial court stating Lee previously convicted of corruption of minors and indecent assault in 2010, and unlawful contact and aggravated indecent

*(Footnote Continued Next Page)*

- 4 -

not file post-sentence motions. Instead, Lee filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Lee now raises the following claims for our review:

1. Whether the trial court abused its discretion in denying [Lee]'s request in November 2024 to list the case for trial in March 2025, instead of January 2025, in order to give [Lee]'s recently appointed trial counsel adequate time to prepare a defense.

2. Whether [Lee] was provided his [c]onstitutionally required jury of his peers because [Lee] is African-American[] and there were no African-American people on the panel from which the jury was chosen, and[,] therefore[,] no African-American members of the jury. Should there be a requirement that there be African-American people in the panel from which the jury is chosen when the defendant on trial is an African-American.

3. Does the application of the mandatory sentencing statute at 42 Pa.C.S.A. [§] 9718.2 to [Lee] constitute cruel and unusual punishment, or an otherwise illegal divestiture of the sentencing judge's discretion in determining sentence.

Brief for Appellant, at 4-5.

The argument section of Lee's brief totals four pages in length, does not contain headings for each claim, and fails to demonstrate where in the record he preserved his claims. *See* Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"); *see also id.* at (e) ("[w]here under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the

---

assault in 2012). Lee agreed and acknowledged that at least one offense in each of his prior cases was a qualifying offense for section 9718.2, which made his mandatory minimum sentence life without parole. *See id.*

argument must set forth . . . either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant must "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant."). Therefore, because Lee's brief fails to comply with our appellate briefing rules his claims are waived.

Moreover, Lee's second and third claims were not preserved before the trial court and, thus, are waived on that basis as well.[12] ***See*** Pa.R.A.P. 302(a); ***see also*** Trial Court Opinion, 7/2/25, at 5 (trial court explaining Lee failed to

---

[12] With respect to Lee's first claim, we note that he has attached a purported excerpt from a November 21, 2024 status conference as an exhibit to his appellate brief. ***See*** Brief for Appellant, Exhibit B. However, this transcript does not appear in the certified record before this Court and, thus, we cannot consider it. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) (it is appellant's duty to ensure certified record is complete); ***see also Commonwealth v. Midgley***, 289 A.3d 1111, 1120 (Pa. Super. 2023) (appellant's failure to include needed item in certified record results in waiver of any claim that requires it). Even if it was in the certified record, his claim would be waived for the above-described failure to comport with our appellate briefing rules.

preserve any challenge to jury composition).[13]  Regarding Lee's claim that section 9718.2 is unconstitutional, he made no objections prior to trial when the Commonwealth indicated its intent to pursue the section 9718.2 mandatory minimum sentence, and he did not object at sentencing or in a post-sentence motion.  Thus, his challenge to the constitutionality of section 9718.2 is waived.  **See Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal.").  Accordingly, we affirm Lee's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/09/2026

---

[13] Moreover, even if Lee had timely objected to the composition of his jury and jury pool, his claim would have been meritless because a defendant is not entitled to any particular racial composition of jurors.  **See Commonwealth v. Jones**, 350 A.2d 862 (Pa. 1976).

- 7 -