J-S08041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT A. ZAMICHIELI | : | |
| | : | |
| Appellant | : | No. 896 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 31, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000560-2021

BEFORE: OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 21, 2023**

Appellant, Lamont A. Zamichieli, appeals *pro se* from the judgments of sentence imposed after a jury found him guilty in *absentia* of indecent exposure, unsworn falsification to authorities, false reports to law enforcement authorities (falsely incriminated another), false reports to law enforcement authorities (reported an offense that did not occur), and open lewdness.[1] He alleges that the trial court erred by denying his motion to dismiss pursuant to Pa.R.Crim.P. 600 and violating his rights to a speedy trial and self-representation. He also raises related claims challenging the effectiveness of his trial counsel. Upon review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3127(a), 4904(a)(1), 4906(a), 4906(b), and 5901, respectively.

The facts underlying Appellant's convictions involved him exposing himself to a correctional officer and then falsely accusing that officer of assaulting him. The trial court has summarized those facts as follows:

[Appellant] was incarcerated in SCI[-]Camp Hill. On September 3, 2019, he appeared in Lieutenant Mihal's interview room as a purported victim in a Prison Rape Elimination Act ("PREA") investigation. Lieutenant Mihal and [Appellant] were the only two persons present during the interview due to the confidential nature of the investigation. About three to four minutes into the interview, [Appellant] exposed his penis and began masturbating. Lieutenant Mihal immediately ended the interview and left the room.

Trooper Bierzonski, as the prison liaison for the Pennsylvania State Police, was assigned to investigate the incident. During an interview with the trooper, [Appellant] reported that Lieutenant Mihal assaulted him both physically and sexually. He went into great detail about what she did to him and the injuries he sustained. Those details, which included allegations of her aggressively biting his genitals, became increasingly inconsistent the more [Appellant] explained. The trooper asked [Appellant] to provide a signed, written statement of the events, which he did.

Trooper Bierzonski further investigated the assault claim by reviewing the report from [Appellant]'s medical / rape examination. There was no evidence of physical injury or foreign DNA on [Appellant].

Trial Court Opinion, 12/1/22, 4-5 (omitting footnotes).

Appellant was charged with the offenses in this case on May 5, 2020. Criminal Complaint, 5/5/20, 1-6. On August 18, 2021, Appellant filed a counseled motion requesting a preliminary hearing and dismissal of the case based on a violation of Pa.R.Crim.P. 600. Motion to Dismiss or Remand, 8/18/21, ¶¶ 4-9. On the next day, Appellant filed, *inter alia*, a *pro se* motion

seeking to waive his appointed counsel and proceed *pro se*. Motion to Voluntarily Waive Appointment of Counsel, 8/19/21, 1-3.

On August 30, 2021, the trial court presided over a hearing on the pending motions. Trooper Bierzonski testified that a preliminary hearing scheduled for July 13, 2020, could not take place due to technical issues with coordinating video conferencing equipment during the ongoing Covid-19 pandemic, **see** N.T. 8/30/21, 3 ("I believe due to the COVID pandemic, and also I know there were issues with Polycom coordinating with Zoom which was used by the magistrate."), and because Appellant could not be available in-person for a hearing due to a moratorium preventing the transfer of inmates between state correctional facilities. **Id.** at 3-4. He then testified that the same issues prevented a rescheduled hearing from taking place on December 14, 2020. **Id.** at 4. The trooper confirmed that Appellant would have been able to attend another rescheduled hearing on March 2, 2021, via videoconferencing, but, on that date, the hearing was held in *absentia* after Appellant refused to "come out of his cell for the video hearing." **Id.** at 6-7. Appellant testified and denied receiving any notices for any dates scheduled for the preliminary hearing. **Id.** at 10-11.

As for the Rule 600 motion, the trial court ruled that there was no basis for dismissal because the Commonwealth proved, by a preponderance of the evidence, that the time from the filing of the charges (May 5, 2020), until the second rescheduled preliminary hearing date (December 14, 2020), were excludable time "as a result of [Appellant's] unavailability due to the COVID

- 3 -

pandemic." N.T. 8/30/21, 11-12; Order, 8/30/21, 1. The court ruled that the subsequent time was not excludable because the Commonwealth failed to prove that it had proceeded with due diligence. N.T. 8/30/21, 12; Order, 8/30/21, 1. The court disregarded the evidence concerning Appellant's "opportunity to participate in a preliminary hearing" in March of 2021 as hearsay and ordered that he was entitled to a new preliminary hearing. N.T. 8/30/21, 12; Order, 8/30/21, 1. As for the motion concerning Appellant's representation, the court conducted a colloquy to ascertain the voluntariness of his request to proceed *pro se*, during which Appellant declined the request. *Id.* at 13-14. The court ordered that the *pro se* motion was withdrawn. Order, 8/30/21, 1. It subsequently presided over a preliminary hearing on September 21, 2021. Order, 9/21/21, 1.

On October 21, 2021, Appellant's counsel filed a motion to withdraw from representation in response to a *pro se* motion that Appellant attempted to file three days earlier, in which he requested the removal of counsel due to a conflict and requested the appointment of a new attorney. Motion to Withdraw as Counsel, 10/21/21, ¶ 6. After a pre-trial conference, the lower court denied that motion. Order, 10/25/21, 1 ("the Court finds that the allegations made by [Appellant] to remove [trial counsel] lack credibility.

Therefore, [trial counsel] shall remain in this case and this matter shall proceed to trial this term.").[2]

Appellant failed to appear for a pre-trial conference scheduled on March 15, 2022, and the trial court issued an order reflecting that "the prison ha[d] not provided an explanation for [Appellant's] nonappearance." Order, 3/15/22, 1. Trial was then scheduled for March 25, 2022, because Appellant's counsel indicated that the case was ready to be tried. *Id.* On March 18, 2022, Appellant filed *pro se* motions seeking to give notice of his intention to present an insanity defense and to proceed *pro se* or request the appointment of a new attorney. Appellant subsequently failed to appear for trial and the Commonwealth presented the testimony of Detective Jeremy Matas who asserted that Appellant had refused transportation to court for the scheduled trial. N.T. 3/29/22, 5-7. Detective Matas also confirmed that he informed Appellant that he would be tried in *absentia* if he refused to appear for trial. *Id.* at 7. Based on that testimony, the trial court agreed to permit the Commonwealth to try Appellant in *absentia*. *Id.* at 8; Order, 3/29/22, 1.

---

[2] Future dates for another pre-trial conference were continued for a competency evaluation that the trial court ordered after Appellant filed a *pro se* motion styled as a "Request for the Death Penalty," in which Appellant discussed, *inter alia*, friends of his who were supposedly aliens sent to earth and who created the "COVID19 virus/Delta Strand." *Pro Se* Request for the Death Penalty, 10/29/21, 1; Order, 10/29/21, 1; *see also* Order 12/2/21, 1; Order, 1/13/22, 1; Order 1/19/22, 1. After a hearing on February 7, 2022, the trial court determined that Appellant was "malingering" and was competent to stand trial. Order, 2/7/22, 1.

After the trial in *absentia*, during which the Commonwealth presented the testimony of Lieutenant Mahal and Trooper Bierzonski, a jury found Appellant guilty of the above charges.[3] N.T. 3/30/22, 57-58; Verdict Slips, 3/30/22; Order 3/30/22, 1. On May 31, 2022, the trial court sentenced Appellant (then present for the proceedings by video conferencing) to an aggregate term of one to two years' imprisonment to be served consecutive to any sentence that Appellant was then already serving. N.T. 5/31/22, 3-4; Sentencing Order, 5/31/22, 1-2. At the conclusion of the sentencing hearing, Appellant stated that he wanted his attorney to appeal the denial of his pre-trial Rule 600 motion. N.T. 5/31/22, 4. Appellant subsequently filed three *pro se* motions requesting to proceed *pro se*, two *pro se* notices of appeal, and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4] On July 5, 2022, the trial court held a hearing pursuant

---

[3] On the date of the trial, Appellant filed a *pro se* motion requesting the appointment of new counsel. *Pro Se* Motion to Appoint New Counsel, 3/30/22.

[4] Both notices of appeal were timely filed within thirty days of the imposition of the judgments of sentence. Notice of Appeal, 6/21/22, 1; Notice of Appeal, 6/3/22, 1-4. The instant appeal was initiated by the second notice of appeal. On September 28, 2022, this Court dismissed as duplicative an appeal docketed at 822 MDA 2022, that was initiated by the initial notice of appeal. We note that, in the notice filed for this appeal, Appellant purported to appeal the judgments of sentence imposed on May 31, 2022, and the "order of August 30, 2021 or September 13th or 14th 2021 denying [the] motion Rule 600 to dismiss…" Notice of Appeal 6/21/22, 1. This appeal, however, properly lies only from the imposed judgments of sentence. We have amended the caption accordingly. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) ("In a criminal action, appeal properly lies form the judgment of sentence made final by the denial of post-sentence motions.").

to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and granted Appellant leave to proceed *pro se* on appeal. Order, 7/6/22, 1.

Appellant presents the following questions for our review:

1. Whether the trial court abused [its] discretion by denying [the] motion to dismiss pursuant to [Pa.R.Crim.P.] 600 and committed further error by improperly excluding time from May 5, 2020 to December 14, 2020 from the Rule 600 clock although [the] Commonwealth failed to exercise due diligence throughout pendency of [the] case and failed to bring [Appellant to] a speedy trial within 365 non-excludable days [where] Zoom video service [was] available?

2. Whether [t]rial [c]ounsel was ineffective for failing to properly argue and litigate [the] motion to dismiss/Rule 600 motion and failed to present to the court and argue such evidence discovered [in] existence relating that [Pennsylvania Department of Corrections] Secretary John E. Wetzel's memo[randums] signed by [Secretary] Wetzel[,] addressed to all [PA DOC] inmates in all [PA DOC] institutions dated March 17, 2020 stating that Zoom video service was available and being used to co[n]duct [prison] visits[ and] court proceedings from March 17, 2020 to December 14, 2020; had counsel argued this and presented [it] to the trial court as he knew existed having received [it] from [Appellant] and [the Department of Corrections] website, [the] Rule 600 [motion] would have been granted and [the] case [would have been] fully dismissed?

3. Whether [t]rial [c]ounsel and [the] Commonwealth violated [Appellant's] 6th [A]mendment right of [the United States] constitution by lack of speedy trial although [Appellant] could not assert [a] speedy trial [violation] without ever being notified in written or orally by [the] State police, [DOC] employees, [the t]rial [c]ourt, [the] Commonwealth, and[/]or [t]rial counsel …, that criminal charges was filed/pending against him until over one year later as [Appellant] could not assert a speedy trial right without being made aware or given the opportunity to appear at an hearing until after a year has elapsed?

4.      Whether [the t]rial [c]ourt and [t]rial [c]ounsel abused [their] discretion and violated [Appellant's] 6th Amendment [right to] self[-]representation by forcing [Appellant] to trial with [an] ineffective counsel/court appointed public defender; a conflict of interest although [Appellant] timely and properly filed a motion to proceed [*pro se*] and waive [his] right to counsel but said trial court failed to address and by ignoring such motion and motion for continuance to secure private counsel before trial and further violated by ignoring [the] motion to proceed [*pro se*] after sentencing on direct appeal where [the] outcome would have been different and in [Appellant's] favor?

5.      [Whether the t]rial court abused [its] discretion by manipulating the running of the Rule 600/speedy trial right clock by intentionally failing to hold [a f]ormal [a]rraignment and failing to direct [the] Commonwealth to file a new/updated "[i]nformation" on the charges after the second preliminary hearing upon remand although [Appellant] timely in writing and orally brought [it] to [the] trial court, [the C]ommonwealth and trial counsel's attention but still the parties failed to address [the] issue which caused [a] due process violation as counsel's ineffectiveness for failing to bring it to [the] trial court's attention to be addressed such charge from custody is warranted?

Appellant's Brief at 9-11.

In his first issue presented, Appellant argues that the trial court abused its discretion by denying his motion to dismiss pursuant to Pa.R.Crim.P. 600. He notes that Rule 600 was suspended statewide from March 19, 2020, to June 2020 due to the judicial emergency declared in the wake of the Covid-19 outbreak. Appellant's Brief at 15. He asserts that the trial court incorrectly determined that the time from May 5, 2020 to December 14, 2020 was improperly excluded from the court's Rule 600 calculation because the court

- 8 -

incorrectly relied on Trooper Bierzonski's testimony that previously scheduled preliminary hearings could not take place due to technical issues coordinating video conferencing equipment during the ongoing pandemic. Appellant's Brief at 17-18. He points out that the Department of Corrections' memorandums during that period reflected that the state corrections system was using Zoom video conferencing software to carry out virtual prison visits and concludes that those memorandums belied Trooper Bierzonski's testimony about an inability to use the Zoom software to conduct an earlier preliminary hearing. *Id.* at 17-19. He asserts that the trooper's testimony should have been rejected as hearsay passing on what the trooper had heard from other employees of SCI-Camphill, where Appellant was incarcerated from May 5, 2020, to March 30, 2021, before he was transferred to SCI-Phoenix. *Id.* at 19-20.

Appellant generally argues that the Covid-19 pandemic did not excuse the Commonwealth from trying his case within 365 days through the use of video conferencing software such as Zoom. Appellant's Brief at 21. He also faults the Commonwealth for "not even attempt[ing] to get court dates scheduled any closer when it realized" that the delays would exceed the mechanical run-date enforced by Rule 600. *Id.* at 22. Accordingly, he asserts

that the entire time-period from May 5, 2020, to December 14, 2020, should not have been ruled to be excludable time by the trial court.[5] *Id.* at 23-24.

Our review of this claim must first begin by examining whether Rule 600 was in operation in the Ninth Judicial District, which consists of Cumberland County, during the relevant time period addressed by Appellant's claim. Here, Appellant's criminal complaint was filed on May 5, 2020, and his motion for dismissal under Rule 600 was filed, 470 days later, on August 18, 2021. Appellant was thereafter tried before a jury on March 30, 2022, 694 days following the filing of his criminal complaint.

Beginning in March 2020, the Supreme Court of Pennsylvania issued emergency orders suspending the computation of time rule at Pa.R.Crim.P. 600(C) statewide through June 1, 2020.[6] *See In re General Statewide Judicial Emergency*, 228 A.3d 1283, 1287 (Pa., filed Mar. 18, 2020) (table);

---

[5] At the same time, he concedes that if any of that time should be excluded then only the period from March 19, 2020, to June 1, 2020, should be excluded pursuant to the statewide judicial emergency. Appellant's Brief at 26.

[6] The statewide emergency orders did not foreclose a defendant from otherwise asserting speedy trial claims as a matter of constitutional law. *See In re General Statewide Judicial Emergency*, 228 A.3d 1283, 1287 (Pa., filed Mar. 18, 2020) (table) ("Nothing in this Order, however, or its local implementation, shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions – albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis."); *In re General Statewide Judicial Emergency*, 234 A.3d 408, 409 (Pa., filed May 27, 2020) (table) (empowering president judges, "subject to state and federal constitutional requirements, to … [s]uspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial").

*In re General Statewide Judicial Emergency*, 229 A.3d 229, 232 (Pa., filed Apr. 1, 2020) (table); *In re General Statewide Judicial Emergency*, 230 A.3d 1015, 1019 (Pa., filed Apr. 28, 2020) (table). While the statewide judicial emergency ended, our Supreme Court expressly empowered each judicial district's president judge to enter self-effectuating declarations of judicial emergency, which could "[s]uspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial." *In re General Statewide Judicial Emergency*, 234 A.3d 408, 409 (Pa., filed May 27, 2020) (table); *see also In re General Statewide Judicial Emergency*, 228 A.3d 1281, 1282 (Pa., filed Mar. 16, 2020) (table) ("the President Judge specifically SHALL HAVE THE AUTHORITY to suspend the operation of Rule of Criminal Procedure 600 within a judicial district … The purport of the suspension will be that the time period of the local judicial emergency (or a shorter time period if specified) shall be excluded from the time computation under Rule of Criminal Procedure 600(C)"); Pa.R.J.A. 1952(B)(2)(m) ("If the Supreme Court authorizes the president judge to declare a judicial emergency in the judicial district, and unless limited by the Supreme Court, the president judge shall have the authority to … make application to the Supreme Court to temporarily suspend or modify statewide court rules as applied to any case or cases in the judicial district.").

Prior to the announcement of the statewide judicial emergency, the Honorable Edward E. Guido, President Judge of the Court of Common Pleas of Cumberland County, issued a Declaration of Judicial Emergency for the Ninth

Judicial District. In that order, President Judge Guido explicitly suspended the operation of Rule of Criminal Procedure 600 "during the period of the local judicial emergency," which then was designated to last from March 16, 2020, to April 14, 2020. *See In re: Ninth Judicial District – Declaration of Judicial Emergency*, Declaration, P.J. Guido, 3/16/20, at 1, available at https://www.pacourts.us/Storage/media/pdfs/20210519/010524-file-8513. pdf*.* Over the ensuing months, President Judge Guido entered multiple orders extending the local judicial emergency through August 2, 2021.[7]

_____

[7] *See In Re: Judicial Emergency and Limited Reopening of the Courts*, Administrative Order, P.J. Guido, 5/1/20, at 1 (extending the local judicial emergency through June 1, 2020), available at https://www.pacourts.us/ Storage/media/pdfs/20210519/010729-file-9195.pdf; *In Re: Judicial Emergency Extended*, Administrative Order, P.J. Guido, 5/29/20, at 1 (extending the local judicial emergency through August 1, 2020), available at https://www.pacourts.us/Storage/media/pdfs/20210519/010801-file-9399. pdf; *In Re: Judicial Emergency Extended*, Administrative Order, P.J. Guido, 7/27/20, at 1 (extending the local judicial emergency through October 1, 2020), available at https://www.pacourts.us/Storage/media/pdfs/ 20210519/010832-file-9725.pdf; *In Re: Judicial Emergency and Limited Reopening of the Courts*, Administrative Order, P.J. Guido, 9/28/20, at 1 (extending the local judicial emergency through December 31, 2020), available at https://www.pacourts.us/Storage/media/pdfs/20210519/010859 -file-10114.pdf; *In Re: Covid-19 Restrictions*, Administrative Order, P.J. Guido, at 3 (extending the local judicial emergency to January 31, 2021), available at https://www.pacourts.us/Storage/media/pdfs/20210519/010859 -file-10114.pdf; *In Re: Judicial Emergency as a Result of Covid-19*, Administrative Order, P.J. Guido, 1/8/21, at 1 (extending the local judicial emergency through March 31, 2021), available at https://www.pacourts.us/ Storage/media/pdfs/20210519/010957-file-11026.pdf; *In Re: Judicial Emergency as a Result of Covid-19*, Administrative Order, P.J. Guido, 3/25/21, at 1 (extending the local judicial emergency through April 30, 2021), available at https://www.pacourts.us/Storage/media/pdfs/20210519/011026 -file-11352.pdf; *In Re: Judicial Emergency as a Result of Covid-19*,
*(Footnote Continued Next Page)*

On June 21, 2021, our Supreme Court issued a *per curiam* order, stating that president judges were no longer authorized to declare judicial emergencies, and, "to the extent declarations of local judicial emergencies [were] in effect suspending the rule-based right of criminal defendants to a prompt trial," those declarations "may remain in effect until August 31, 2021." ***See In Re: General Statewide Judicial Emergency***, No. 553 Judicial Administration Docket, Order, 6/21/21 (*per curiam*), at 1 (unnumbered), available at https://www.pacourts.us/Storage/media/pdfs/20210621/193440 -june21-judicialadmin.dkt.553certifiedorderinregeneralstatewidejud.emergen cy.pdf.

Consistent with President Judge Guido's unequivocal suspension of the of Rule 600 "during the period of the local judicial emergency," that rule was suspended in the Ninth Judicial District on March 16, 2020, when that district's local judicial emergency began, and remained suspended until the eventual end of the emergency on August 2, 2021. ***See In re: Ninth Judicial District – Declaration of Judicial Emergency***, Declaration, P.J. Guido, 3/16/20, at 1 ("The operation of Rule of Criminal Procedure 600 shall be suspended in the 9th Judicial District during the period of the local judicial emergency."),

Administrative Order, P.J. Guido, 4/19/21, at 1 (extending the local judicial emergency through June 15, 2021), available at https://www.pacourts.us/ Storage/media/pdfs/20210519/011027-file-11414.pdf; ***In Re: Judicial Emergency and Limited Reopening of the Courts***, Administrative Order, P.J. Guido, 6/14/21, at 1 (extending the local judicial emergency through August 2, 2021), available at https://www.pacourts.us/Storage/media/pdfs/ 20210614/205235-cumberlandcounty.pdf.

available at https://www.pacourts.us/Storage/media/pdfs/20210519/010524 -file-8513.pdf. Rule 600 was thus effective at the time that Appellant filed his motion for dismissal under that rule on August 18, 2021.

In general, a trial court's denial of a Rule 600 motion is reviewed for an abuse of discretion; however, it is subject to plenary review when "the dispositive question implicates legal issues." *Commonwealth v. Harth*, 252 A.3d 600, 614 n.13 (Pa. 2021). To the extent that the instant claim can be resolved by a proper interpretation of the criminal procedures set forth in the Ninth Judicial District's judicial emergency declaration, our standard of review is *de novo* and our scope of review is plenary because issues of statutory construction involving the Pennsylvania Rules of Criminal Procedure present a pure question of law. *Commonwealth v. Carl*, 276 A.3d 743, 749 (Pa. Super. 2022).

Rule 600, in relevant part, provides:

**(A)  Commencement of Trial; Time of Trial**

> (1)  For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

> (2)  Trial shall commence within the following time periods.

>> (a)  Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

…

**(C) Computation of Time**

    (1)    For purposes of paragraph (A), period of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other period of delay shall be excluded from the computation.

…

**(D) Remedies**

    (1)    When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

…

Pa.R.Crim.P. 600.

> In a Rule 600 analysis, the 'mechanical run date' is 365 days after the complaint was filed. The 'adjusted run date' is then calculated by adding any time that is 'excluded from the computation' under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

*Commonwealth v. Malone*, --- A.3d ----, 2023 WL 3313781, *2 (Pa. Super., filed May 9, 2023) (citations omitted).

- 15 -

Here, Appellant only objects to the trial court's ruling that the period from May 5, 2020 to December 14, 2020 should be excluded from the court's computation under Rule 600(C)(1). That entire period of time elapsed during the Ninth Judicial District's local judicial emergency when Rule 600 was unequivocally suspended in that district pursuant to the plain language of the district's initial local judicial emergency declaration. Appellant's criminal complaint was also filed during that emergency. For computation of time purposes under Rule 600, the entire period of time from the filing of the criminal complaint until the end of the Ninth Judicial District's local judicial emergency should have been excluded from the trial court's Rule 600 computation. *See Commonwealth v. Lear*, 290 A.3d 709, 719 (Pa. Super. 2023) ("If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence."); *Commonwealth v. Carl*, 276 A.3d 743, 750 (Pa. Super. 2022) (where the plain meaning of a local judicial emergency declaration in response to the pandemic directed that rule-based, prompt trial time computations were suspended for the duration of the judicial emergency, days transpiring during the effective time of the declaration until the expiration of the declared emergency would not be included under Rule 600 computations).

Properly accounting for the local judicial emergency suspension period, the trial court did not err by considering the time from May 5, 2020 to December 14, 2020, as excludable time for purposes of its calculation under

Rule 600. There was also no need for consideration of the Commonwealth's diligence during that period given the unequivocal suspension of Rule 600 during that time. Where only sixteen days had passed in between the end of the Ninth Judicial District's local judicial emergency and the filing of Appellant's Rule 600 dismissal notice, there could only have been sixteen days of includable time for purposes of the mechanical run date when Appellant alleged a violation of the 365-day speedy trial limit. In these circumstances, Appellant could not prove a hypothetical violation of Rule 600 that would necessitate dismissal. Appellant's Rule 600 motion was premature and thus the instant claim involving trial court error with respect to the denial of that motion lacks merit.[8]

In his second issue, Appellant asserts that his trial counsel provided ineffective assistance by failing to properly argue and litigate his Rule 600 motion and failing to preserve claims that the trial court erred by not holding a formal arraignment and not directing the Commonwealth to file updated bills of information after his second preliminary hearing. Appellant's Brief at 30-32. These ineffective assistance of counsel claims are not cognizable on direct appeal and must be deferred to collateral review under the Post Conviction

---

[8] While it has no bearing on the outcome of our review Appellant's first claim, we cannot conceive any Rule 600 violation in this case because the Commonwealth proceeded to try Appellant within 365-days of the end of the Ninth Judicial District's local judicial emergency. **See Malone**, --- A.3d ----, 2023 WL 3313781, at *4 (holding that, where a defendant's criminal complaint was filed while Rule 600 was unambiguously suspended, "[t]he Rule 600 computation … did not begin until Rule 600 was no longer unambiguously suspended").

Review Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. *See Commonwealth v. Rosenthal*, 233 A.3d 880, 887 (Pa. Super. 2020) (refusing to consider ineffective assistance on direct review), *citing Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating that, except in limited, identified circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review"), and *Commonwealth v. Hopkins*, 228 A.3d 577, 584 (Pa. Super. 2020) (same).

Our Supreme Court has recognized three exceptions to the general rule for deferring review of ineffective assistance of counsel claims until collateral review:

> The first exception … affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception … gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

*Commonwealth v. Delgros*, 183 A.3d 352, 360 (Pa. 2018), *citing Holmes*, 79 A.3d at 563-564. The third exception allows "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Delgros*, 183 A.3d at 361. In this instance, none of these exceptions apply: Appellant is not statutorily precluded from obtaining subsequent PCRA review; Appellant has not demonstrated any reason for unitary review necessitating the review of

ineffective assistance of counsel claims on direct appeal; and Appellant has not demonstrated that he has offered any waiver of subsequent PCRA review. Accordingly, we must defer review of Appellant's ineffective assistance of counsel claims.

In his third issue, Appellant asserts that the trial court and the Commonwealth violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. Appellant's Brief at 33-34, *citing Barker v. Wingo*, 407 U.S. 514 (1972). In evaluating claims alleging constitutional speedy trial issues, our standard of review "is whether the trial court abused its discretion, and our scope of review is limited to the trial court's findings and the evidence of record, viewed in the light most favorable to the prevailing party." *Commonwealth v. Martz*, 232 A.3d 801, 812 (Pa. 2020) (citation omitted). Here, Appellant makes no effort to discuss any abuse of discretion with respect to a ruling on a constitutional speedy trial rights claim and instead appears to be making an argument in the first instance that his speedy trial right under the Sixth Amendment was violated due to a lack of notice as to his charges and the scheduling of court proceedings in this matter. Appellant's Brief at 33-34.

We cannot entertain this claim because Appellant waived it by not preserving it before the trial court. In his counseled motion to dismiss, he failed to make an explicit assertion of a violation of his constitutional right to a speedy trial and offer any arguments that addressed a constitutional speedy trial right violation claim. Instead, in a section in that motion entitled "Rule

600," he merely referenced "a violation of Rule 600 and a speedy trial standard," asserted that he never requested any continuances or postponements, averred that the "the grace period allotted to the courts for the COVID-19 pandemic was overreached," and noted that fifteen months had elapsed since his arrest. Motion to Dismiss or Remand, 8/18/21, ¶¶ 4-8. To the extent Appellant seeks to raise a constitutional claim on appeal asserting a violation of the United States Constitution's Sixth Amendment, we deem it to be waived for lack of preservation. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal.").

In his last issue, Appellant claims that the trial court erred and violated his right to self-representation under the Sixth Amendment of the United States Constitution by not holding a hearing on his motion to waive counsel and proceed *pro se* that he filed on March 18, 2022, prior to him failing to appear for trial and being tried in *absentia*.[9] Appellant's Brief at 35-36. He

---

[9] Within this issue, Appellant also asserts that trial counsel violated his Sixth Amendment rights by ignoring his motion to proceed *pro se* and not requesting a hearing on the motion. Appellant's Brief at 35-36. Implicit in the trial counsel ineffectiveness component of this issue, Appellant seems to be addressing the fact that trial counsel did not preserve any trial court error claim with respect to the court's failure to hold a hearing on his motion to proceed *pro se*. Consistent with our discussion of Appellant's second issue, we must defer any ineffectiveness claim related to the instant issue to collateral review.

asserts that the trial court should have granted a continuance to hold a hearing on the motion to proceed *pro se*. ***Id.*** at 35. This trial court error claim is waived for lack of preservation because trial counsel, in Appellant's absence at trial, raised no objection to the trial court's decision to proceed with the trial in *absentia* without first ruling on the motion to proceed *pro se*. Pa.R.A.P. 302(a); ***Strunk***, ***supra***.

Even assuming *arguendo* that the instant claim was not waived for lack of preservation, Appellant fails to present this Court with any authority from which we could conclude that his decision to absent himself from his trial did not constitute a waiver or forfeiture of his motion to proceed *pro se*, or in the alternative, that the trial court should have granted a continuance to consider the motion to proceed *pro se* after Appellant willfully failed to appear for trial.

The right to appear *pro se* is guaranteed so long as the defendant understands the nature of his choice to waive counsel. ***Faretta v. California***, 422 U.S. 806, 821, 835 (1975) (implicit in the structure of the Sixth Amendment is the right of a criminally accused to conduct his own defense); ***see also Commonwealth v. Tighe***, 224 A.3d 1268, 1280 (Pa. 2020) (a defendant's right to act as his own counsel "is implicit in the Sixth Amendment to the United States Constitution and explicit in Article I, Section 9 of the Pennsylvania Constitution"). At the same time, "[i]t is well established that a defendant can waive the right of self-representation after asserting it." ***Commonwealth v. Bryant***, 855 A.2d 726, 737 (Pa. 2004). A defendant may also forfeit his right to self-representation. ***See Faretta***, 422 U.S. at 834 n.46

(a trial court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct[;] … the right of self-representation is not a license to abuse the dignity of the courtroom" or to fail to "comply with relevant rules of procedural and substantive law"); *see also Tighe*, 224 A.3d at 1280 ("misbehavior affecting the right to self-representation is not restricted to the courtroom and the 'relevant rules of procedure and substantive law' are not limited to those occurring only in the trial itself").

In Pennsylvania criminal matters, requests to proceed *pro se* are addressed by Pa.R.Crim.P. 121. Among other things, the rule provides that a defendant may waive the right to be represented by counsel and sets forth the minimum information that must be elicited from a defendant to ensure that their waiver of counsel is knowing, voluntary, and intelligent. Pa.R.Crim.P. 121(A)(1)-(2). With respect to the instant case, "[w]hen the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C); *see also* Pa.R.Crim.P. 121(A)(3) (noting that a judge may permit the attorney for the Commonwealth or the defendant to conduct the examination of the defendant's awareness of the factors addressed in Pa.R.Crim.P. 121(A)(2) and that the judge shall be present during that examination); *Commonwealth v. McDonough*, 812 A.2d 504, 508 (Pa. 2002) (concluding that *Faretta* requires an on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy

may be conducted by the court, the prosecutor, or defense counsel). "Before a defendant is permitted to proceed *pro se*, however, the defendant must first demonstrate that he knowingly, voluntarily and intelligently waives his constitutional right to the assistance of counsel." ***Commonwealth v. Starr***, 664 A.2d 1326, 1335 (Pa. 1995).

In the instant case, Appellant waived or forfeited his motion to proceed *pro se* by failing to appear for the scheduled trial listing. By willfully absenting himself from the trial process, he made it impossible for the trial court to conduct or oversee a colloquy pursuant to Rule 121, and he failed to meet his burden of demonstrating the voluntariness of his request to proceed *pro se* prior to the Commonwealth requesting to proceed with the trial in *absentia*. Upon the unjustified absence of Appellant for trial, there was no ability or reason to conduct a hearing on Appellant's motion to proceed *pro se*: Appellant declined to seek self-representation at the same time that he declined to be present for trial. In these circumstances, counsel remained in place and no action was taken on the motion to proceed *pro se* to ensure that Appellant kept his representation as the Commonwealth was able proceed without him. ***See*** Pa.R.Crim.P. 602(A) ("The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence."); ***Commonwealth v. Sullens***, 619 A.2d 1349, 1352 (Pa. 1992) (holding that "when a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried in absentia").

To the extent that Appellant suggests that the outstanding motion to proceed *pro se* should have compelled a grant of a continuance in spite of his absence for trial, we disagree that the denial of a continuance would have constituted an abuse of discretion. Our Court has noted that "a defendant's constitutional right to counsel of his choice is not absolute and 'must be weighed against[,] and may be reasonably restricted by[,] the state's interest in the swift and efficient administration of criminal justice.'" ***Commonwealth v. Broitman***, 217 A.3d 297, 300 (Pa. Super. 2019). Moreover, "[a] trial court has 'wide latitude in balancing the right to counsel of choice against the needs of fairness … and against the demands of its calendar.'" ***Commonwealth v. Prysock***, 972 A.2d 539, 542 (Pa. Super. 2009) (citation omitted). When we made these points in ***Broitman*** and ***Prysock***, we were reviewing instances where trial courts failed to grant continuance requests to permit defendants to retain new counsel where the requests for the continuances were made shortly before or on the day of a scheduled jury trial, but they are appropriate to consider in this instance where Appellant motioned to proceed *pro se* a week before a scheduled trial and then ultimately failed to appear for trial.

To permit a continuance for Appellant's motion to proceed *pro se* while the Commonwealth had the ability to proceed with trial given his voluntary absence, would have permitted Appellant to succeed at immobilizing the commencement of trial until a time of Appellant's choosing and allowed him to cause delay that would have perhaps discouraged the appearance of prosecution witnesses. In these circumstances, a request for a continuance

was undermined by Appellant's failure to appear for trial and appeared to be part of a pattern of dilatory conduct by Appellant where the instant request to proceed *pro se* was a serial request of that nature and made after another outlandish *pro se* motion that compelled the trial court to order a competency evaluation. **See** *Pro Se* Request for the Death Penalty, 10/29/21, 1. In this instance, a denial of an eleventh-hour continuance for a defendant who failed to appear for trial would not have been an abuse of discretion. **See, e.g., Commonwealth v. Brooks**, 104 A.3d 466, 475 (Pa. 2014) (holding that a trial court did not abuse its discretion in denying a defendant's untimely, day-of-trial request for a continuance, so that he could represent himself; "defendants should not be permitted to unreasonably 'clog the machinery of justice' or hamper or delay the effort to administer justice effectively"). Even if Appellant had preserved his claims alleging a violation of his right to self-representation, we would not conclude that they entitle him to relief.

Appellant's Rule 600 claim is meritless where time attributed to statewide and local judicial emergencies in the wake of the Covid-19 pandemic needed to be excluded from a time calculation pursuant to Pa.R.Crim.P. 600(C). His claims challenging the effectiveness of his trial counsel must await collateral review under the PCRA. His claim raising a violation of his speedy trial right under the United States Constitution is waived for lack of preservation. His claim alleging a violation of his right to self-representation is waived for lack of preservation and, in any event, meritless where Appellant

failed to appear for trial, days after he filed his motion to proceed *pro se*, and the Commonwealth moved to proceed with a trial in *absentia*.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023